﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/21/19

DOCKET NO. 181126-3106
DATE: June 25, 2019

ORDER

Entitlement to service connection for a generalized anxiety disorder, as secondary to the service-connected asthma with a restrictive component, is granted.

FINDING OF FACT

The evidence is at least in equipoise as to whether the Veteran has a generalized anxiety disorder that was caused or aggravated by his service-connected asthma with a restrictive component.

CONCLUSION OF LAW

The criteria for service connection for a generalized anxiety disorder, as secondary to the service-connected asthma with a restrictive component, have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.310 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from March 1986 to February 1994.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the Direct Review, a process in which the Board reviews evidence of record at the time of the prior decision. 

Service connection for a generalized anxiety disorder

The Veteran contends that he has an anxiety disorder that was caused or aggravated by his service connected asthma with a restrictive component. The Board finds the evidence is in relative equipoise concerning whether the Veteran’s service-connected asthma caused or aggravated his anxiety disorder.

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

For the showing of chronic disease in service, a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “chronic” is required. Continuity of symptoms after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may be established for any disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310. To prevail on the issue of entitlement to secondary service connection, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence establishing a connection between the service-connected disability and the current disability. Wallin v. West, 11 Vet. App. 509, 512 (1998).

The analyses below focus on the most salient and relevant evidence and on what this evidence shows, or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran.

A September 2016 private medical assessment completed by the Veteran’s treating psychiatrist, Dr. H.J., states that the Veteran has been diagnosed with a generalized anxiety disorder and that it is at least as likely as not that the Veteran’s asthma has contributed to his anxiety disorder. The assessment included a history that noted that the Veteran’s asthma symptoms caused him to feel anxious and also acknowledged his mental health symptoms. Further, the private medical records show the Veteran has been prescribed medications to treat his anxiety symptoms.

On VA examination in November 2016, the examiner concluded that the Veteran does not have a diagnosable mental disorder and opined that the “symptoms” that he experiences are consistent with someone experiencing subclinical worry about ongoing medical problems. The examiner also noted that the Veteran is generally coping quite well without interference from mental health issues at that time.

In view of the totality of the evidence, including the well-reasoned conflicting medical opinions, the Board finds the medical evidence is at least in relative equipoise regarding the issue of whether the Veteran has an anxiety disorder that was caused or aggravated by his service-connected asthma. When the evidence is in relative equipoise, the benefit of the doubt doctrine provides that such reasonable doubt will be resolved in favor of the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Service connection for a generalized anxiety disorder, as secondary to the service-connected asthma with a restrictive component, is warranted.

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M.E. Lee, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.